IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JONATHAN WANG, | § § | |
| Plaintiff, | § § | Case No. 6:16-cv-1233 |
| v. | § § | JURY TRIAL DEMANDED |
| Golf Tailor, LLC, | § § | |
| Defendant. | § § § | |

**DEFENDANT GOLF TAILOR, LLC'S ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant Golf Tailor, LLC files the following Answer, Affirmative Defenses and Counterclaims to plaintiff Jonathan Wang's Complaint for Patent Infringement.

## ANSWER

### I. PARTIES

1. Admitted.

2. Admitted that Golf Tailor is a privately held LLC incorporated under Oklahoma laws, with its principal place of business at 103 S. Broadway, Ste. 210, Edmond Oklahoma; that Golf Tailor has sold, offered to sell, and distributed golf clubs and accessories from its Oklahoma location, including golf clubs branded with Golf Tailor's trademark Speed Stik; otherwise denied.

### II. JURISIDCTION AND VENUE

3. Admitted that this is an action that purports to be for alleged patent infringement arising under Title 35 of the United States Code, and that, inasmuch as the Complaint purports to state claims for patent infringement, the Court has original jurisdiction over this subject matter pursuant to 28 U.S.C. §§ 1331 and 35 U.S.C. § 271 et seq.; otherwise denied.

4. Admitted that this Court has specific personal jurisdiction over Golf Tailor under current law, and that the last two sentences of paragraph 4 are factually accurate; denied that Golf Tailor provides golf instruction in Texas; otherwise denied.

5. Admitted that venue is permitted in this judicial district under 28 U.S.C. § 1391; denied that this forum is the most convenient venue for this dispute; denied that Golf Tailor has committed acts of infringement giving rise to this action in this district; otherwise denied.

### III. BACKGROUND FACTS

6. Golf Tailor lacks knowledge or information sufficient to form a belief as to the truth of paragraph 6, therefore denied.

7. Denied that Wang is the designer of the Speed Stik golf club; Golf Tailor lacks knowledge or information sufficient to form a belief as to the truth of the remainder of paragraph 7, therefore denied.

8. Golf Tailor lacks knowledge or information sufficient to form a belief as to the truth of paragraph 8, therefore denied.

9. Admitted.

10. Admitted.

11. Golf Tailor lacks knowledge or information sufficient to form a belief as to the truth of paragraph 11, therefore denied.

12. Admitted that Golf Tailor received a copy of Exhibit B on or about the date of the letter; otherwise denied.

13. Golf Tailor lacks knowledge or information sufficient to form a belief as to the truth of paragraph 13, therefore denied.

14. Admitted that Exhibit A appears to be a true copy of the '390 Patent; otherwise denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT 1

20. See Golf Tailor's responses above.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied

**GENERAL DENIAL AND RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Golf Tailor specifically denies each allegation contained in Wang's Complaint that is not otherwise specifically stated. Golf Tailor further denies that Wang is entitled to any of the remedies listed in Subsections 1-7 of the Prayer for Relief.

## II. AFFIRMATIVE DEFENSES

By alleging the Affirmative Defenses set forth below, Golf Tailor does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues,

whether in whole or in part. For its Affirmative Defenses to Wang's Complaint, Golf Tailor alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Patent Non-Infringement)

Golf Tailor has not infringed and currently does not infringe the '390 Patent directly, indirectly, contributorily, by inducement, under the doctrine of equivalents, or in any other manner.

## SECOND AFFIRMATIVE DEFENSE

### (Patent Invalidity)

The claims of the Patent-in-Suit are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (Inequitable conduct)

The claims of the Patent-in-Suit are unenforceable because of inequitable conduct before the patent office.

## ADDITIONAL DEFENSES

Golf Tailor reserves the right to assert any additional affirmative defenses available under Fed. R. Civ. P. 8(c) and any other additional defenses, at law or in equity, that may now or in the future be available based on information learned or obtained during discovery.

## III. COUNTERCLAIMS

FOR FURTHER ANSWER by way of counterclaims, Golf Tailor alleges as follows:

### Parties, Jurisdiction and Venue

1. Counterclaim plaintiff Golf Tailor is a privately-held LLC incorporated under Oklahoma laws, with its principal place of business at 103 S. Broadway, Ste. 210, Edmond Oklahoma. Golf Tailor's business is the design, sale, and distribution of golf clubs and accessories.

2. On information and belief, counterclaim defendant Wang, Inc. (Wang) is an individual who resides in the State of California.

3. Golf Tailor's counterclaims for declaratory relief arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the patent laws of the United States, 35 U.S.C. § 100, et seq.

4. This Court has subject matter jurisdiction of this dispute pursuant to 28 U.S.C. §§ 1331, and 1338(a), 2201 and 2202.

5. This Court has personal jurisdiction over Wang for at least the following reasons: Wang has made use of the federal court system in Texas by filing the present action in the United States District Court for the Eastern District of Texas. This Court's exercise of personal jurisdiction over Wang does not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

### Actual Case or Controversy

7. Wang claims to be the owner of all rights, title and interest in and under United States Patent No. D769,390 (the "'390 Patent"). Wang alleges that Golf Tailor infringed one or more claims of the '390 Patent. Golf Tailor denies infringement, denies that any alleged

infringement was willful or deliberate, and contends that the '390 Patent is invalid and unenforceable because of inequitable conduct. An immediate, real, and justiciable controversy exists between Golf Tailor and Wang as to whether the '390 Patent is invalid or unenforceable, or has not been infringed.

8. The design for the accused Speed Stik club was conceived of by Golf Tailor CEO Tim Oyler in 2015, without the assistance of Mr. Wang. This design was transmitted to Golf Gifts & Gallery ("GGG") for the purpose of having GGG reduce Mr. Oyler's design to practice.

9. Mr. Wang signed a declaration under oath before the U.S. Patent office stating that he believed he was the original inventor or an original joint inventor of the invention claimed in design patent application No. 29/571,084, which later issued as the '390 Patent at issue in this case. Nowhere was Mr. Oyler's name or status as inventor mentioned in the design patent application. On information and belief, Mr. Wang's exposure to Mr. Oyler's original design would have been from reviewing Mr. Oyler's documents originally sent to GGG. Mr. Oyler never authorized GGG to send documents to Mr. Wang, and in fact had not heard of Mr. Wang until recently.

**Count I: Declaratory Judgment of Invalidity**

10. Golf Tailor realleges and incorporates herein the allegations contained in paragraphs 1-9 of this counterclaim.

11. Wang claims to be the owner by assignment of all rights, title and interest in and under the '390 Patent.

12. Wang further contends that the '390 Patent is valid and has created a substantial, immediate and real controversy between the parties as to the invalidity of these patents.

13. Each claim of the '390 Patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation, §§ 101. In particular, the '390 Patent is invalid for failure to name Mr. Oyler as an inventor.

14. Absent a declaration of invalidity, Wang will continue to wrongfully assert the Patent-in-Suit against Golf Tailor, and thereby cause Golf Tailor irreparable injury and damage. A judicial declaration that all of the claims of the '390 Patent are invalid is necessary and proper.

**Count II: Declaratory Judgment of Non-infringement**

15. Golf Tailor realleges and incorporates herein the allegations contained in paragraphs 1-14 of this counterclaim.

16. Wang has accused Golf Tailor of infringement of the '390 Patent and has created a substantial, immediate and real controversy between the parties as to the non-infringement of the '390 Patent.

17. The '390 Patent is invalid for failure to name Mr. Oyler as an inventor. Accordingly, Golf Tailor does not directly infringe, contributorily infringe, or induce the infringement of any valid claim of the '390 Patent.

18. Absent a declaration of non-infringement, Wang will continue to wrongfully assert the '390 Patent against Golf Tailor, and thereby cause Golf Tailor irreparable injury and damage. A judicial declaration that Golf Tailor does not infringe any valid claim of the Patent-in-Suit is necessary and proper.

## V. PRAYER FOR RELIEF

WHEREFORE, having fully answered Wang's Complaint, Golf Tailor respectfully prays as follows:

1. To have judgment dismissing Wang's Complaint with prejudice and denying all relief and remedies to Wang.

2. To have judgment on its counterclaims (1) declaring that all of the claims of the Patent-in-Suit are invalid; and (2) declaring that none of the claims of the Patent-in-Suit have been infringed;

3. To have and recover its costs of suit, including reasonable attorney's fees, pursuant to 35 U.S.C. § 285.

Dated: January 23, 2017

Respectfully submitted,

Corby R. Vowell
State Bar No. 24031621
FRIEDMAN, SUDER & COOKE
604 East 4th Street, Suite 200
Fort Worth, TX 76102
817-334-0400
Fax: 817-334-0401
vowell@fsclaw.com


*/s/ John Mansfield*
Or. State Bar No. 055390
HARRISBRICKEN
121 SW Morrison, Suite 400
Portland, OR 97204
T: 971.271.8615
john@harrisbricken.com


**ATTORNEYS FOR DEFENDANT
GOLF TAILOR, LLC**

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 23rd day of January, 2017, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, Tyler Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      */s/John Mansfield*